UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORREY DUNBAR, SR.

    Petitioner,

v.                                                              Case No. 8:12-cv-152-T-17EAJ

STATE OF FLORIDA'S FEDERAL
COURT OF THE MIDDLE
DISTRICT, TAMPA DIVISION,

    Respondent.
_____/

**O R D E R**

This matter is before the Court upon the filing of a Petition for Writ of Habeas Corpus ("petition") (Doc. 1) in which Petitioner requests this Court issue an order directing the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida, to "entertain the petitioner's writ of habeas corpus" which he filed in his pending state criminal proceedings,[1] and immediately release him from incarceration under the authority of *Shelton v. Sec'y, Dep't of Corr.*, 812 F. Supp 2d 1289 (M.D. Fla. 2011).[2] It is therefore apparent that Petitioner requests this Court to intervene in the ongoing state criminal proceedings.[3]

---

[1] The Court takes judicial notice of information available on January 25, 2012, on the Sarasota County, Florida, Clerk of the Court's Criminal Case Docket, http://courtweb.co.sarasota.fl.us/crimapp/criminq.asp, which indicates that Petitioner's jury trial is scheduled for March 19, in case numbers 2011 CF 010537 -A and CF 014261 NC. See Fed. R. Evid. 201. Therefore, it is apparent that Petitioner is currently a pre-trial detainee awaiting trial in the Circuit Court for Sarasota County, Florida.

[2] *Shelton* declared unconstitutional a 2002 amendment to Florida Statute, § 893.13 that eliminated the *mens rea* requirement for possession or distribution of cocaine.

[3] To the extent Petitioner requests this Court order the state court to rule on his motion/petition that is pending in the state court, this Court construes the petition as a petition for a writ of mandamus. To the extent Petitioner requests immediate release from

"[I]n the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege bad faith prosecution or the absence of an adequate state forum where the constitutional issues can be raised. Instead, Petitioner appears to rely on the exception for irreparable injury by asserting that *Shelton* ruled Fla. Stat.,§ 893.13, the statute under which he is being prosecuted, unconstitutional.

Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Petitioner has failed to show that he is entitled to review under the "irreparable injury" exception.

---

incarceration, this Court construes the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Although he correctly points out that *Shelton* declared § 893.13 facially unconstitutional, Petitioner does not allege or demonstrate that the statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." The facial invalidity of § 893.13 "is not itself an exceptional circumstance justifying federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975).[4]

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes*, 377 F.3d at 1262 (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir.1977)). Petitioner has not satisfied the *Younger* abstention hurdles. Consequently, this Court cannot grant Petitioner habeas relief.

Moreover, this Court does not have jurisdiction to grant mandamus relief in this action. Although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties, United States courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial Dist. Court*, 440 F.2d 383 (5th Cir. 1971)[5]; *Haggard v. State of Tennessee*, 421

---

[4]The undersigned notes that another colleague in this Court has concluded that, contrary to *Shelton*, the 2002 amendment to Fla. Stat. § 893.13 "does not result in a facially unconstitutional statute." *United States v. Bunton*, 2011 U.S. Dist. LEXIS 123945, at *3 (M.D. Fla. Oct. 26, 2011).

[5]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966). See also *Campbell v. Gersten*, 394 Fed. Appx. 654 (11th Cir. 2010) (unpublished) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar v. 118th Judicial Dist. Court*, 440 F.2d at 384).

Petitioner is essentially requesting this Court to issue a writ of mandamus directing the state court to rule on his motion to dismiss the state criminal charges on the ground that Fla. Stat. 893.13 is unconstitutional. Therefore, although Petitioner names this Court as the respondent, the proper respondent to the request for mandamus relief is the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida. Consequently, this Court lacks jurisdiction to grant the relief Petitioner requests because the respondent is not an officer or employee of the United States or any agency thereof.

ACCORDINGLY, the Court **ORDERS** that:

The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice on the ground that the *Younger* abstention doctrine applies. To the extent the Petition for Writ of Habeas Corpus is construed as a request for mandamus relief, the petition is **DENIED**.

The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on January 31, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

TORREY DUNBAR, SR.

4